UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIANSKY ROUZARD,

    Plaintiff,

v.                                                Case No: 6:24-cv-2270-JSS-LHP

LINKEDIN CORPORATION,

    Defendant.
_____/

## **ORDER**

    Defendant, LinkedIn Corporation, moves to transfer this case to the Northern District of California pursuant to the forum selection clause in its user agreement. (Dkt. 48.) Plaintiff, Diansky Rouzard, proceeding pro se, opposes the motion. (Dkt. 50.) Upon consideration, for the reasons outlined below, the court grants the motion to transfer.

## **BACKGROUND**

    Plaintiff alleges that he is an "individual residing in . . . Florida" who "created and maintained a LinkedIn profile" and "discovered that LinkedIn's search results displayed unauthorized LinkedIn profile listings and unrelated images." (Dkt. 47 at 2.) Plaintiff reports that he "emailed LinkedIn [s]upport . . . , attaching evidence of the unauthorized changes and requesting immediate correction." (*Id.* at 3.) Purportedly, "[a]fter receiving no corrective action," Plaintiff initiated this case in December 2024. (*Id.*; *see* Dkt. 1.) The court dismissed that complaint in February

2025 as an impermissible shotgun pleading. (Dkt. 17.) In the operative second amended complaint, Plaintiff brings five counts: (1) violation of the Computer Fraud and Abuse Act, (2) violation of the Stored Communications Act, (3) breach of the user agreement, (4) negligence, and (5) breach of fiduciary duty. (*See* Dkt. 47.)

## APPLICABLE STANDARDS

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "[A] forum[ ]selection clause may be enforced by a motion to transfer under [section] 1404(a)." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 52 (2013). "When a defendant files such a motion . . . , a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id.* "[P]roper application of [section] 1404(a) requires that a forum[ ]selection clause be given controlling weight in all but the most exceptional cases." *Id.* at 59–60 (quotation omitted). Therefore, "[w]hen the parties have agreed to a valid forum[ ]selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Id.* at 62; *see id.* ("Only under extraordinary circumstances unrelated to the convenience of the parties should a [section] 1404(a) motion be denied."); *see also GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1028 (11th Cir. 2014) ("[A]n enforceable forum[ ]selection clause carries near[ ]determinative weight . . . .").

When the parties have agreed to a forum selection clause, the plaintiff bears the burden of showing why the case should not be transferred to the agreed forum. *Atl. Marine*, 571 U.S. at 64. A denial of a motion to transfer may be appropriate if the plaintiff shows that the public interest favors the plaintiff's selected forum. *Id.* "Public[ ]interest factors may include the administrative difficulties flowing from court congestion[,] the local interest in having localized controversies decided at home[,] and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 62 n.6 (alteration adopted and quotation omitted).

## ANALYSIS

To decide whether a case should be transferred pursuant to a forum selection clause, the court must first determine whether the forum selection clause is valid. *See Loeffelholz v. Ascension Health, Inc.*, 34 F. Supp. 3d 1187, 1189–90 (M.D. Fla. 2014). If a valid forum selection clause exists, the court must then apply a modified section 1404(a) analysis to determine whether there is a reason not to transfer the case to the chosen forum. *See Atl. Marine*, 571 U.S. at 63.

"Forum[ ]selection clauses are presumptively valid and enforceable unless the plaintiff makes a strong showing that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (quotation omitted). "Consideration of whether to enforce a forum selection clause in a diversity jurisdiction case is governed by federal law . . . ." *P & S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003). Forum

selection clauses are invalidated when "(1) its formation was induced by fraud or overreaching[,] (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness[,] (3) the chosen law would deprive the plaintiff of a remedy[,] or (4) enforcement of the clause would contravene public policy." *Krenkel*, 579 F.3d at 1281. "The burden is on the party resisting the enforcement of a forum selection clause to establish fraud or inequitable conduct sufficient to bar enforcement of the clause." *Cornett v. Carrithers*, 465 F. App'x 841, 843 (11th Cir. 2012).

Here, the forum selection clause in the user agreement is included in section six, titled Governing Law and Dispute Resolution, and provides in highlighted text that, because Plaintiff lives in the United States, "[Plaintiff] and LinkedIn agree to resolve [disputes] in California courts using California law." (Dkt. 34-1 at 15.) It specifies that, for United States residents, "all claims and disputes can be litigated only in the federal or state courts in Santa Clara County, California, USA, and [Plaintiff] and LinkedIn each agree to personal jurisdiction in those courts." (*Id.* at 16.)

Plaintiff does not dispute that he agreed to the user agreement, and in fact, he seeks to sue under that agreement. (*See* Dkts. 47, 50.) Rather, Plaintiff maintains that the forum selection clause is unenforceable as a "non-negotiable clickwrap" agreement. (Dkt. 50 at 6.)[1] However, clickwrap agreements are typically valid and

---

[1] Plaintiff also states that "Florida's strong interest counsels against export." (Dkt. 50 at 6.) "[A]s a general rule," parties—not courts—"are responsible for advancing the facts and argument entitling [the parties] to relief." *United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020) (quotation omitted). Accordingly, the court will not search for Florida's interest or law that supports the assertion that it counsels against transfer. Because Plaintiff does not explain how enforcement of the forum selection clause would contravene strong public policies of Florida, the clause is not unenforceable for public policy reasons.

enforceable. *See Segal v. Amazon.com, Inc.*, 763 F. Supp. 2d 1367, 1369 (S.D. Fla. 2011) (citing cases); *Falcon v. TelevisaUnivision Digit., Inc.*, No. 8:23-cv-2340-TPB-UAM, 2024 WL 1492831, at *3 (M.D. Fla. Mar. 29, 2024). Additionally, courts generally enforce forum selection clauses contained in such agreements. *See Segal*, 763 F. Supp. 2d at 1369–70 ("The fact that a forum[ ]selection clause is contained within a so-called 'clickwrap agreement,' where a user accepts a website's terms and conditions, does not in and of itself render the clause invalid."); *Divine Serenity Shop, Inc. v. Plant Identification Inc.*, No. 8:24-CV-2081-WFJ-LSG, 2025 WL 1370348, at *5 (M.D. Fla. May 12, 2025); *Rigsby v. GoDaddy Inc.*, No. 1:19-CV-3824-JPB, 2019 WL 9806587, at *4 (N.D. Ga. Nov. 25, 2019); *Sabino v. Kerzner Int'l Bah. Ltd.*, No. 12-22715-CIV, 2014 WL 7474763, at *4 (S.D. Fla. Jan. 10, 2014); *Salco Distribs., LLC v. iCode, Inc.*, No. 8:05 CV 642 T 27TGW, 2006 WL 449156, at *2–4 (M.D. Fla. Feb. 22, 2006).

Plaintiff also argues that the forum selection clause is unenforceable because "transfer 2,500 miles" away would bar "a Florida pro se litigant's access" and "depriv[e Plaintiff] of [his] day[ ]in[ ]court." (Dkt. 50 at 6.) However, "[t]he normal inconvenience of litigating outside one's home state was foreseeable at the time of the agreement." *Totz v. Fifth Third Bank, N.A.*, No. 8:25-CV-147-WFJ-LSG, 2025 WL 1640701, at *2 (M.D. Fla. May 6, 2025), *report and recommendation adopted by* 2025 WL 1450372, at *2 (M.D. Fla. May 21, 2025). Further, "[a] plaintiff may have his 'day in court' without ever setting foot in a courtroom." *Turner v. Costa Crociere S.p.A.*, 9 F.4th 1341, 1346 (11th Cir. 2021) (quoting *Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 11 (2d

Cir. 1995)) (upholding a forum selection clause that required litigation in Italy instead of Florida). Accordingly, "the necessity of travel should be minimal given the prevalence of remote proceedings." *Totz,* 2025 WL 1640701, at *2.

For these reasons, the forum selection clause governs this lawsuit and mandates transfer. Accordingly, the burden shifts to Plaintiff to show that transfer is inappropriate because the public interest favors this case being heard here. *Atl. Marine*, 571 U.S. at 64. The court may deny a motion to transfer where the public interest favors the plaintiff's selected forum. *Id.* In deciding this issue, the court considers factors such as "the administrative difficulties flowing from court congestion[,] the local interest in having localized controversies decided at home[,] and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 62 n.6 (alteration adopted and quotation omitted). At the same time, the court must give "controlling weight" to the forum selection clause "in all but the most exceptional cases." *Id.* at 59–60 (quotation omitted). Plaintiff "bear[s] the burden of showing that public[ ]interest factors overwhelmingly disfavor a transfer." *Id.* at 66.

Plaintiff fails to show that the public interest favors proceeding in this court. Plaintiff asserts that the case should not be transferred because the "case [is] already underway here" and thus denial of the motion to transfer preserves judicial economy. (Dkt. 50 at 7.) Yet Plaintiff makes no argument that administrative difficulties would result from the transfer of this case. (*Id.*)[2] The court also notes that this case is still

---

[2] Plaintiff broadly asserts that "witness location weigh[s] against transfer" without elaborating on who these witnesses are, how many there are, or where they are located. (Dkt. 50 at 7.)

only in the pleading stage. Next, although Plaintiff asserts common law claims, this case is not a localized controversy. Plaintiff, a Florida resident, sues Defendant, a California company, for a breach of its user agreement, which Defendant enforces worldwide. Additionally, application of either Florida or California common law would likely result in similar outcomes. *See In re Jan. 2021 Short Squeeze Trading Litig.*, 76 F.4th 1335, 1346, 1350 (11th Cir. 2023) (holding that "California and Florida law point to the same outcome" in claims for breach of fiduciary duty and negligence). Plaintiff also raises claims under the federal Computer Fraud and Abuse Act and the Stored Communications Act. Even if there are alleged injuries in Florida, the local interest is not strong enough to prevent transfer. (*Id.*) *See Mishiyev v. Youtube, LLC*, No. 8:24-CV-2675-MSS-TGW, 2024 WL 4932773, at *3 (M.D. Fla. Dec. 2, 2024) (transferring case from Florida to California despite Plaintiff arguing that the injury occurred in Florida and that Plaintiff would experience hardship if the case was transferred).

Thus, the court finds transfer under the forum selection clause and section 1404(a) is appropriate. Because the court grants the motion to transfer, it does not address the motion to dismiss (Dkt. 48) nor the motion to stay discovery (Dkt. 53).

Accordingly:

1. The motion to transfer (Dkt. 48) is **GRANTED**.
2. The Clerk is **DIRECTED** to transfer this case to the United States District Court for the Northern District of California.

**ORDERED** in Orlando, Florida, on October 16, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party